UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER FRANET, )<br>)<br>Plaintiff(s), )<br>)<br>v. )<br>)<br>COUNTY OF ALAMEDA SOCIAL )<br>SERVICES AGENCY, et al., )<br>)<br>Defendant(s). )<br>_____) | No. C 02-3787 MJJ (BZ)<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS** |

By order dated September 8, 2006, the Honorable Martin J. Jenkins referred plaintiff's motion for review of the Clerk's taxation of costs to me for a report and recommendation. Plaintiff Jennifer Franet prevailed against defendant Karen Castro and submitted a bill of costs [docket #196]. After defendants objected to plaintiff's bill [docket # 198], the Clerk of this Court taxed costs [docket #272], and plaintiff filed this motion for review, arguing that the Clerk improperly reduced $3,362.63 from plaintiff's requested cost amount. Plaintiff claims that the Clerk improperly disallowed $2,467.63 of her costs incurred for court reporters' fees, such as attendance fees, expedited charges and shipping and

1

1 handling costs.  Plaintiff requests these charges be allowed
2 as necessary costs of obtaining a copy of a deposition
3 transcript.  Plaintiff additionally argues that since
4 defendants' late disclosure of their expert witnesses led to
5 the expedited charges, the Court should allow these costs.
6 Plaintiff also argues that the Clerk should tax costs in the
7 amount of $895 for video equipment rental, which she used to
8 present a trial exhibit, a videotaped interview of her
9 daughter.  The Court reviews the Clerk's taxation of costs de
10 novo.  Lopez v. San Francisco Unified School Dist., 385
11 F.Supp.2d 981, 1001 (N.D. Cal. 2005).

12     Plaintiff is entitled to her costs for video equipment
13 rental necessarily obtained for use in the case.  See 29
14 U.S.C. § 1920(4); Civil L. R. 54-3(d)(5)(allowing cost of
15 preparing videotapes to be used as exhibits if they "are
16 reasonably necessary to assist the jury or the Court in
17 understanding the issues at the trial").  Pixion Inc. v.
18 PlaceWare Inc., 2005 WL 3955889, at * 4 (N.D. Cal. May 26,
19 2005).  Although defendants cite Eleventh Circuit cases which
20 do not allow the costs of video equipment rental to be taxed,
21 the courts are divided over this issue.  See Walters v.
22 Monarch Life Ins. Co., 1993 WL 256755, at * 2 (D. Kan. Jun.
23 29, 1993); Brown & Williamson Tobacco Co. V. Jacobson, 1987 WL
24 20431, at * 9 (N.D. Ill. Nov. 24, 1987).  Because this Court
25 allows parties to recover the costs of preparing videotapes
26 used as exhibits, and defendant does not dispute that it was
27 necessary to show the videotaped interview of plaintiff's
28 daughter at trial, plaintiff is entitled to her video

equipment rental charges, and I recommend that the Court order the Clerk to tax costs in the amount of $895.

Plaintiff may recover her expedited charges for the transcripts of defendants' expert witnesses, which were necessary charges. The depositions of defendants' expert witnesses occurred on September 15 and 16, 2005, a few days before the trial scheduled for September 19, 2005. See Lopez, 385 F.Supp.2d at 1002 (awarding costs for expedited transcripts ordered in the three months before trial as discovery was concluding). Plaintiff is also entitled to her costs associated with court reporters' fees for attendance and shipping and handling.[1] See Ishida Co., Ltd. V. Taylor, 2004 WL 2713067, at * 1 (N.D. Cal. Nov. 29, 2004).

Therefore, I recommend that plaintiff's motion be granted and the Court order the Clerk to tax additional costs in the amount of $3,362.63.

Dated: September 25, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

g:\bzall\-refs\franet\costs.order

---

[1] Defendants' argument in response to plaintiff's motion, that if the Court allows plaintiff's court reporter's fees, then defendants' similar disallowed fees should also be taxed, is not a proper motion. Civil L. R. 54-5. Even if the Court were to consider it a motion, it would be untimely.

3